**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEREA OVANDO CRUZ, | No. 07-73037 |
| Petitioner, | Agency No. A070-784-550 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Nerea Ovando Cruz, a native and citizen of Mexico, petitions for review of
the Board of Immigration Appeal's (BIA) reversal of the Immigration Judge's (IJ)
grant of Cancellation of Removal for Certain Non-Permanent Residents under INA
§ 240A(b), 8 U.S.C. § 1229b(b). We review questions of law, such as the BIA's
compliance with its own regulations, de novo. *Brezilien v. Holder*, 569 F.3d 403,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

406 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we grant the petition for review.

The applicable regulation requires the Board to review an IJ's factual findings for clear error. 8 C.F.R. § 1003.1(d)(3)(I) ("Facts determined by the immigration judge . . . shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous."*).* The text of the regulation makes "clear . . . that where the IJ has made a factual finding, the BIA has very limited authority to revisit that finding." *Brezilien*, 569 F.3d at 414. The clearly erroneous standard of review allows the BIA to reverse the IJ's findings of fact in very narrow circumstances. The reviewing court must determine whether the findings were "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

Here, the BIA did not engage in a clear error review of the IJ's factual findings supporting her conclusion that Cruz's two U.S. citizen children would suffer exceptional and extremely unusual hardship if Cruz were removed to Mexico. The IJ found that Cruz's fifteen-year old daughter, a full time high school student in the U.S., would instead be forced "to work full time if she had to return

2

to Mexico to help support her mother." The IJ noted that this fact distinguished Cruz's case from a prior precedent where "the record did not indicate that [the U.S. citizen children] would [be] deprived of an education altogether." *Id.* The BIA substituted its own factual findings that the daughter would suffer merely diminished educational opportunity by working while "completing the one year necessary to obtain her high school diploma." The BIA did not explain why the IJ's finding was clearly erroneous, but simply concluded that the record "did not support" the IJ's findings.

The IJ also found that Cruz would be unable to provide her five-year old son with "special educational circumstances" to address his learning disability if she were removed to Mexico. The BIA disagreed, again applying the incorrect standard of review. It concluded that the record did not support the IJ's determination that Cruz's son's learning disability was "of such severity that it could not be adequately addressed in Mexico's school system."

On remand, the BIA shall apply the appropriate standard of review to the IJ's factual findings regarding the exceptional and extremely unusual hardship that Cruz's children would suffer if she were removed to Mexico. The BIA itself has previously recognized that this standard means that an IJ's "factfinding may not be overturned simply because the Board would have weighed the evidence differently

3

or decided the facts differently had it been the factfinder." *In re RSH*, 23 I. & N. Dec. 629, 637 (BIA 2003). As dissenting Board Member Cole stated in this case, if an IJ makes "factual conclusions which, on the face of the record, are not clearly erroneous, those factual conclusions serve as a boundary under which we operate in our capacity as an appellate reviewing body."

**Petition GRANTED; REMANDED.**